IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**EDGAR LEE GUINTHER**                                                                                     **PETITIONER**
**ADC #167771**

V.                             No. 4:25-cv-00642-BSM-ERE

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                                                               **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommendation ("RD") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of the RD. Objections must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of the RD. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this RD without independently reviewing the record.

### I.     Introduction

Pending before the Court is a § 2254 habeas petition filed by Edgar Lee Guinther, an inmate at the Larry B. Norris Unit of the Arkansas Division of Correction ("ADC). *Doc. 2*. He has also filed a memorandum in support and an addendum. *Docs. 3, 4*. He attacks a prison disciplinary conviction, alleging it violated his procedural due process rights. Because it plainly appears from the face of the petition that Mr. Guinther is not entitled to habeas relief, his petition should

be summarily dismissed, with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Additionally, because the facts alleged fail to present a potentially viable conditions-of-confinement claim, the Court should dismiss the case without offering Mr. Guinther the opportunity to convert this case to a civil rights action under 42 U.S.C. § 1983.

## II.    Background

On June 28, 2024, Mr. Guinther was charged with four disciplinary violations: (1) failure to keep one's person or quarters in accordance with regulations; (2) unauthorized use of state property/supplies; (3) possession/introduction of clothing or property not issued or authorized by the unit; and (4) destruction or intentional misplacement of property. *Doc. 3 at 32*.

The charging document provides that on June 28, 2024, while conducting security rounds, officers noticed that Mr. Guinther had a sheet up on the cell door of his single-person cell. After removing the sheet to see into the cell, officers saw an excessive number of t-shirts and altered t-shirts; fourteen towels; altered towels cut into strips; four sockcaps; two scrub pads; an altered sheet and pillowcase; and miscellaneous trash. *Id.*

---

[1] In conducting the initial review of a habeas petition Rule 4 instructs that if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." As explained in the Advisory Committee's Note to Rule 4, "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

On July 9, 2024, following a hearing, Mr. Guinther was convicted of each charge and received the following sanctions: (1) 60 days loss of commissary, phone, and visitation privileges; (2) 30 days in punitive isolation; and (3) a reduction in class.[2] *Doc. 4*.

Mr. Guinther exhausted the disciplinary appeal process, which concluded with the Director's October 4, 2024 decision affirming the guilty verdicts. *Doc. 3 at 38*.

On June 26, 2025, Mr. Guinther filed the § 2254 petition and supporting documents now before the Court.[3] *Docs. 2-4*. He asserts that his July 9, 2024 disciplinary proceeding, convictions, and punishment violated his right to procedural due process. For relief, he seeks expungement of the disciplinary convictions. *Doc. 2 at 9*.

### III. Discussion

#### A. Mr. Guinther's Due Process Claims Are Not Cognizable in Habeas

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)

---

[2] Pursuant to Arkansas law, ADC inmates are classified "according to good behavior, good discipline, medical condition, job responsibilities, and involvement in rehabilitative activities." Ark. Code. Ann. § 12-29-202(a)(3). Depending on his or her class status, an inmate may earn up to one day of meritorious good time for every day served as a reduction toward his transfer eligibility date, but inmates reduced to the lowest class or serving time in punitive isolation do not earn meritorious good time. Ark. Code Ann. § 12-29-202 (b)(1)-(3).

[3] On July 2, 2025, Mr. Guinther filed an addendum to his petition, adding an exhibit that was unintentionally not attached to his petition. *Doc. 4*.

(citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Id*.

Mr. Guinther seeks to expunge the disciplinaries and reinstate the privileges he lost as a result of the convictions. Mr. Guinther's punishment for the challenged disciplinary convictions was the loss of certain privileges for 60 days; punitive isolation for 30 days; and a reduction in class. *Doc. 4*. Restoring these privileges will not alter the length of Mr. Guinther's sentence or impact his conviction. As a result, the Court lacks jurisdiction to issue a writ of habeas corpus.

    **B.**    **Mr. Guinther's Claims Are Not Potentially Viable Under § 1983**

The Eighth Circuit has held that a *pro se* habeas petitioner raising a "potentially viable" conditions-of-confinement claim should receive an opportunity to pursue that claim if he so chooses. *Spencer v. Haynes*, 774 F.3d 467 (8th Cir. 2014). A viable conditions-of-confinement claim under 42 U.S.C. § 1983 requires that a person acting under color of state law subjected Mr. Guinther to a condition of confinement that violated a right secured by the federal Constitution or law.

Mr. Guinther asserts he was denied due process in his disciplinary hearing which resulted in his loss of privileges, punitive isolation, and class-reduction. To prevail on a Fourteenth Amendment due process claim, a prisoner "must first

demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Here, the due process claim must be based on the denial of a liberty interest. Absent a constitutionally protected liberty interest, Mr. Guinther has no cognizable conditions-of-confinement claim under § 1983.

It is well-settled that loss of privileges, punitive isolation, and class-reduction are insufficient to trigger a liberty interest. See *Thornsberry v. Barden*, 854 F. App'x 105 (8th Cir. 2021) ("[A]ssignment to isolation, loss of privileges, and reclassification were insufficient to state a due process claim.").[4] Because Mr. Guinther had no liberty interest related to the challenged disciplinary convictions and punishment, it would be futile to allow him to pursue a § 1983 conditions-of-confinement claim.

Mr. Guinther also alleges, in conclusory fashion, that the disciplinary was in retaliation for his history of using the grievance process. *Doc. 3 at 20*. However, an impartial decision maker found that Mr. Guinther was guilty of the violations described in the June 28, 2024 disciplinary. "Because the finding was based on some

---

[4] See also *Smith v. McKinney*, 954 F.3d 1075, 1083 (8th Cir. 2020) (holding that there is no atypical and significant hardship when an inmate is demoted to segregation or deprived of commissary, phone, and visitation privilege); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate not deprived of liberty interest during nine months in administrative segregation); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship under *Sandin*).

5

evidence of the violation, the finding essentially checkmates his retaliation claim." *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994). Even when a prison disciplinary conviction is subject to constitutional review, it must be upheld if it was supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). When reviewing a prison disciplinary under the "some evidence" standard, a reviewing court is obligated to uphold the findings of an impartial disciplinary hearing officer, even if the only evidence of the alleged disciplinary violation is found in the charging officer's report, which is disputed by the inmate. See *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (holding that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker"). Mr. Guinther's denial of wrongdoing is an insufficient basis to set aside the disciplinary convictions under the "some evidence" standard.

Because none of the disciplinary sanctions at issue deprived Mr. Guinther of a protected liberty interest and the disciplinary conviction was supported by "some evidence," if his pleading was converted to a complaint under 42 U.S.C. § 1983, it would be subject to dismissal upon screening. *See* 28 U.S.C. § 1915A (requiring screening and dismissal of any portion of a complaint that is frivolous, malicious, or fails to state a claim on which relief can be granted).

## IV. Conclusion

Mr. Guinther has failed to state a cognizable claim for habeas relief and has no "potentially viable" claims under § 1983.

IT IS THEREFORE RECOMMENDED that:

1. The petition for a writ of habeas corpus be DISMISSED, WITH PREJUDICE and the requested relief be DENIED.

2. A Certificate of Appealability be DENIED.[5]

Dated 4 August 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] A Certificate of Appealability should be denied because Mr. Guinther has not shown that reasonable jurists could debate whether his claims should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).