## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**EDGAR LEE GUINTHER**                                                      **PETITIONER**
***ADC # 100017***

**v.**                               **CASE NO. 2:25-CV-00642-BSM**

**DEXTER PAYNE**                                                      **RESPONDENT**

### ORDER

After *de novo* review of the record,  United States Magistrate Judge Edie R. Ervin's

recommended disposition [Doc. No. 8] is adopted and Edgar Lee Guinther's petition for writ

of habeas corpus pursuant to 28 U.S.C section 2254 [Doc. No. 2] is dismissed with prejudice.

*See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (where petitioner seeks a writ of habeas

corpus and fails to attack the validity of his sentence or the length of his custody, the district

court lacks the power or subject matter jurisdiction to issue a writ).  Guinther's request to

convert his section 2254 claim to a 42 U.S.C. section 1983 claim is also denied because he

has no liberty or property interest to support a conditions-of-confinement claim.  *See*

*Thornsberry v. Barden*, 854 F. App'x 105 (8th Cir. 2021) ("[A]ssignment to isolation, loss

of privileges, and reclassification were insufficient to state a due process claim.").  While

Guinther's arguments of retaliation are well-taken, the disciplinary must be upheld since it

was issued by an impartial decisionmaker and there was at least "some evidence" of his guilt.

*Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

Because Guinther has not made a substantial showing of a denial of a constitutional

right, a certificate of appealability is denied.  28 U.S.C. § 2253(c)(1)–(2).

IT IS SO ORDERED this 22nd day of August, 2025.


UNITED STATES DISTRICT JUDGE